

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-19-00273-CR

ISAIAS CABELLO, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 140th District Court
Lubbock County, Texas
Trial Court No. 2019-001982, Honorable Jim Bob Darnell, Presiding

December 2, 2019

## MEMORANDUM OPINION

Before QUINN, C.J., and PIRTLE and PARKER, JJ.

This is an appeal from an order denying Isaias Cabello (appellant) a writ of habeas corpus. Through the writ, appellant sought his release from jail on personal bond or through reducing the $250,000 bond previously set. He believed himself entitled to the writ under article 17.151 of the Texas Code of Criminal Procedure and argues that the trial court abused its discretion in denying the request. We affirm.

Per article 17.151, a "defendant who is detained in jail pending trial of an accusation against him must be released either on personal bond or by reducing the

amount of bail required, if the state is not ready for trial of the criminal action for which he is being detained within . . . 90 days from the commencement of his detention if he is accused of a felony." TEX. CODE CRIM. PROC. ANN. art. 17.151, § 1(1) (West 2015). According to the record, appellant was indicted for murder on May 17, 2016, and arrested in Colorado (after leaving Lubbock) on May 15, 2018. He filed his article 17.151 motion on July 16, 2019, and the trial court heard it on July 23, 2019. That murder is a felony is undisputed. That appellant had been incarcerated pending trial for over 90 days is undisputed. What is disputed is whether the State was ready for trial within "90 days from the commencement of his detention."

At the hearing, appellant alluded to a news article wherein the State mentioned concerns about the local medical examiner and the delays being caused by them regarding the prosecution of homicide cases. That purportedly indicated that the State was not ready to try the case within 90 days of his arrest period, according to appellant. In making the argument, though, appellant acknowledged that "when [the State] file[d] that indictment, that's one of the things that they say is that they are ready for trial." The State confirmed that representation.

The prosecutor appearing on behalf of the State and assigned to prosecute appellant also represented to the trial court that 1) despite any medical examiner issues, "the State is ready"; 2) "[t]he medical examiner issue doesn't preclude my readiness"; 3) "[w]e've never announced not ready"; 4) "[w]e are ready"; 5) the State "could have hired a medical expert at any given point within that 90-day period"; 6) "I have not failed to be ready"; 7) "[w]e are ready and have been ready"; 8) the State was ready "today for trial"; 9) "[p]er this case law you're talking about, yes, the State is ready"; 10) "[b]ut the notion

2

that we're not ready because of the medical examiner issue is not true"; 11) "[w]e have announced ready in the past at the filing of the indictment, and we are not not ready now"; 12) "it is not necessary to have a medical examiner at all to prove death in this case"; and, 13) "[w]e are ready and have been."

As recently said in *Ex parte Landrum*, No. 07-18-00301-CR, 2018 Tex. App. LEXIS 8571 (Tex. App.—Amarillo Oct. 19, 2018, no pet.) (mem. op., not designated for publication), we review a trial court's decision regarding the imposition or reduction of bail under the standard of abused discretion. *Id.* at *1–2. That discretion is abused when the court misapplies the law or "when no reasonable view of the record" supports its conclusion "under the correct law and facts viewed in the light most favorable to its legal conclusion." *Id.*

Article 17.151 provides the relevant test. It consists of determining whether the State "is ready for trial" within "90 days from the commencement of [the defendant's] detention if he is accused of a felony." TEX. CODE CRIM. PROC. ANN. art. 17.151, § 1(1). Here, the trial court denied appellant's application for writ of habeas corpus upon concluding that "[t]here is no evidence to show the State of Texas has not been ready for trial." In viewing the evidentiary record before us in a light most favorable to that conclusion, we cannot deny that the trial court had factual basis on which to reasonably deduce that the State was ready and remained ready to try appellant from the inception of the case. It announced ready when appellant was indicted and stood ready, since a medical examiner was not needed to prove death. Thus, the trial court did not abuse its discretion in refusing the requested writ.

We overrule appellant's issue and affirm the order denying him a writ of habeas corpus.

Per Curiam

Do not publish.